Alfred H. Kleimah, J.
On December 24, the defendant Joseph Gruttola, was arraigned upon a felony complaint charging the defendant with the crimes of attempted murder as well as other crimes. The presiding Judge fixed bail in the sum of $5,000 *296 secured bond or $500 cash. The defendant was subsequently released on bail. On the following day an application was made before this court for the issuance of a warrant requiring defendant’s appearance for a review of said bail. Following argument by the Assistant District Attorney and by an attorney designated by this court to represent the defendant upon said motion (neither the defendant nor his attorney of record being present), this court exonerated bail and issued a warrant for the production of defendant forthwith for a review of the terms of his release. The basis of my jurisdiction to issue such orders is as follows:
GPL 530.60 provides that ‘ ‘ Whenever in the course of a criminal action or proceeding a defendant is at liberty as a result of an order of recognizance or bail issued pursuant to this article, and the court considers it necessary to review such order, it may, and by a bench warrant if necessary, require the defendant to appear before the court. ’ ’ GPL 550.10 also- provides that the court may secure the attendance of a defendant by the issuance of a bench warrant. Clearly the issuance of such warrant may not be an arbitrary decision by a Judge of equal authority and should be based upon new facts then adduced (cf. People ex rel. Rupoli v. McDonnell, 277 App. Div. 74). As was stated in People ex rel. Manceri v. Doherty (192 N. Y. S. 2d 140, 142): “ While judges of concurrent jurisdiction may not overrule each other, it is wholly within their judicial power and duty to make new orders in ambulatory interlocutory situations where new matter is presented to them in the regular course of their judicial duties requiring them to so act. ” That court went on to say that Judges of concurrent jurisdiction may increase or lower bail “when required pursuant to a showing of new facts mandating such changes in the interests of justice * * * A bail order is ambulatory. It is dynamic until the question of bail becomes moot. ” {supra, p. 142). In exercising its discretion to order a review, this court must necessarily take into consideration the fact that whereas our code specifically provides for a review of excessive bail by a superior court upon application of a defendant (GPL 530.30), no corresponding provision is provided in the GPL for a review of low bail upon application of the District Attorney. (The latter is a matter that the Legislature may well see fit to address itself to.) The new facts adduced before this court ware a representation made in open court that the defendant allegedly threatened the life of a complaining officer who was presently hospitalized in critical condition. It was further represented to this court that none of the afore-mentioned facts *297 were presented before the arraigning Judge. Undoubtedly, a Trial Judge may revoke bail on a showing of real reason therefor (People ex rel. Thompson v. Warden of House of Detention for Men, 214 N. Y. S. 2d 171). Certainly in view of the additional facts presented to this court, and considering the nature of the charge, it is a proper exercise of its duties to issue said warrant for the production of the defendant forthwith so that a review of bail may be heard. As Mr. Justice A. David Benjamin said in People ex rel. Manceri v. Doherty (supra, p. 142): ‘ The alteration of such an original order upon a showing of facts supporting the discretion of the second ordering judge is a proper and required use of the decisional process, in no way to be decried or distorted into a false claim of non-existent judicial conflict.” The derivation of this court’s powers to act as it did, is based solely upon the laws of our State as enunciated herein.