■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v. DANA DENSON, Respondent.— Appeal by the People from an order of the Supreme Court, Kings County, entered January 31, 1974, which, upon defendant's oral motion prior to trial, dismissed the indictment. Order reversed, on the law and the facts, motion denied and indictment reinstated. There was, in this case, no waiver of the statutory mandate that "a motion, made prior to conviction, to dismiss an indictment for lack of prosecution must be (a) in writing and (b) upon reasonable notice to the People (CPL 210.45, subd. 1; CPL 210.20, subd. 2) " (*People* v. *Ryan,* 42 A D 2d 869). Moreover, upon the record, the delay of 13 months, from the time the indictment was returned to the date of dismissal on the eve of trial, did not justify dismissal of the indictment under CPL 30.30. Although the indictment was returned on December 6, 1972, defendant did not move for a bill of particulars until July 26, 1973 (see CPL 30.30, subd. 4, par. [a]). The motion was granted on August 30, 1973 and on September 11, 1973 the case was marked ready by the prosecution. The four-month delay thereafter was apparently due to calendar congestion. Since the People were ready, the provisions of CPL 30.30 requiring dismissal of the indictment are not applicable (*People ex rel. Franklin* v. *Warden, Brooklyn House of Deten-*

*tion for Men,* 31 N Y 2d 498). On this appeal, defendant conceded that the temporary unavailability for trial of the People's witnesses did not furnish grounds for dismissal of the indictment. Latham, Acting P. J., Christ, Brennan, Benjamin and Munder, JJ., concur.