Elliott Golden, J.
The defendant, Pierre L. Solomon, by his attorney, seeks to challenge a preliminary hearing determination of reasonable cause by a motion to reargue, and also moves for discovery and inspection and a bill of particulars.
Defendant was arrested on December 17, 1976, and charged in a felony complaint with a violation of section 155.35 of the Penal Law, grand larceny in the second degree (a class D felony), in that he, acting in concert with another, did take a quantity of clothing valued in excess of $1,500 from the possession of Pat Mortorano without permission or authority to do so. He was arraigned on December 18, 1976, at which time bail was set in the sum of $1,000 and the case adjourned to December 21, 1976. On December 21, 1976, a preliminary hearing was held and after the hearing and upon the motion of the District Attorney, the felony charge was reduced to petit larceny (Penal Law, § 155.25). Bail was reduced to $500 cash or bond and a jury trial requested. Defendant was paroled on December 22,1976.
The defendant, on March 25, 1977, orally notified the court that he intended to move with respect to the preliminary hearing. Motion papers were subsequently submitted to the court (one motion having been made returnable May 16, 1977 for a bill of particulars and for discovery and inspection, and one motion returnable April 25, 1977 to reargue the preliminary hearing).
The District Attorney submitted a memorandum in opposition to the defendant’s motions. The defendant submitted a *762 supplemental memorandum in response, to which the District Attorney replied. Decisions on both motions were reserved by the court.
The District Attorney urges that the court should summarily deny these motions pursuant to CPL 255.20 (subd 3) for defendant’s failure to move within 45 days of arraignment.
On the issue of timeliness, CPL 255.20 (subd 1) provides: "1. Except as otherwise expressly provided by law, whether the defendant is represented by counsel or elects to proceed pro se, all pre-trial motions shall be made within forty-five days after arraignment and before commencement of trial, or within such additional time as the court may ñx upon application of the defendant made prior to entry of judgment”. (Emphasis added.)
There is some evidence in the file of this defendant that another Judge of this court was notified of the intent to make the motion to reargue the preliminary hearing and that leave was given to submit the necessary motion papers. The motions for a bill of particulars and discovery and inspection were not made simultaneously with the motion to reargue, but CPL 255.20 (subd 2) provides: "2. All pre-trial motions, with supporting affidavits, affirmations * * * whenever practicable, shall be included within the same set of motion papers, and shall be made returnable on the same date, unless the defendant shows * * * Where one motion seeks to provide the basis for making another motion, it shall be deemed impracticable to include both motions in the same set of motion papers”.
The defense counsel has indicated in his motion papers that if he prevailed in his motion to reargue the preliminary hearing, there would be no need for the motions for bill of particulars and discovery and inspection.
Additionally, CPL 255.20 provides that the court must entertain and determine any pretrial motions, even if not made within the 45-day period, if based on grounds which the defendant, with due diligence, could not have been aware of, or for other good cause could not have reasonably made the motion within the 45-day period (CPL 255.20, subd 3). Furthermore, the court "in the interest of justice, and for good cause shown, may in its discretion” entertain and dispose of pretrial motions. There is liberality in the application of the rule (see People v Wyssling, 82 Misc 2d 708; and Bellacosa, Practice Commentary, McKinney’s Cons Laws of NY, Book 11A, CPL 255.20).
*763 There has been no showing by the defendant of good cause for the delay in making these motions, and such delay should not be countenanced. Neither has there been any showing of prejudice to the People, although undue delay can be prejudicial to both sides and to the proper administration of justice. However, because leave was apparently given to the defendant in which to file his motion to reargue the preliminary hearing (although his request for leave was not within the 45-day period), and in view of the court’s discretionary powers, both motions are deemed timely.
Having resolved the issue of timeliness, I now address the issue raised by the defendant with respect to a motion to reargue the preliminary hearing, or, in the alternative, to grant a new preliminary hearing with respect to the petit larceny charge.
The defendant offers several bases in support of his motion which, generally* relate to the merits of the hearing; and he cites many errors of law allegedly committed by the Judge at the preliminary hearing. He further argues that the various restrictions placed by the Judge upon the defendant’s right to cross-examine witnesses at the preliminary hearing was tantamount to a denial of the right to counsel as required under Coleman v Alabama (399 US 1).
The District Attorney contends that the motion papers are insufficient to support the motion; that the motions are intended as a dilatory tactic, and that the court should deny the motion with prejudice. The District Attorney also rejects the defense counsel’s assertion that reasonable cause was not established at the preliminary hearing.
The Judge who held the preliminary hearing on December 21, 1976, and made the finding of reasonable cause is no longer assigned to this court. Normally a motion to reargue may be made before the same Judge who previously denied the relief sought or made the determination sought to be reargued.
Statutory authority for this court to review the sufficiency of a preliminary hearing in a misdemeanor case appears to be lacking. CPL 170.75, requiring a preliminary hearing on a misdemeanor charge, applies only in New York City and no such requirement exists outside of New York City, where, consequently, a defendant could not raise a claim such as this defendant is raising.
*764 The basic issue is whether it is within the jurisdiction of this court to grant the remedy requested by the defendant, i.e., a reargument of the motion to dismiss after there has been a felony hearing and a reduction of the grand larceny charge to petit larceny, or, in the alternative, for a new preliminary hearing on the reduced charge. Secondarily, the court will explore the avenues open to the defendant, if any, to obtain such remedy and whether the trial vitiates errors of the nature alleged here.
The felony hearing and conversion to a misdemeanor information is pursuant to CPL 180.50, 180.60, and 180.70 (subd 2). The conversion to an information took place on December 21, 1976, the date of the felony hearing. CPL 180.50 (subd 3, par [d]) provides that upon the filing of an information, prosecutor’s information or misdemeanor complaint pursuant to CPL 180.50, the court must dismiss the felony complaint and the defendant must then be arraigned upon the new accusatory instrument. ' ->
Jurisdiction of local criminal courts is set forth in CPL 10.30. Local criminal courts have trial jurisdiction of all offenses other than felonies, exclusive trial jurisdiction of petty offenses (violations and traffic infractions), except where CPL 10.20 provides jurisdiction to superior courts, and trial jurisdiction of misdemeanors (concurrent with that of the superior courts but subject to the divestiture by the superior courts under CPL 10.20 (subd 1, par [b]). Local criminal courts have preliminary jurisdiction of all offenses subject to divestiture by the superior courts and their Grand Juries.
"Preliminary jurisdiction” is defined as follows: "A criminal court has 'preliminary jurisdiction’ of an offense when, regardless of whether it has trial jurisdiction thereof, a criminal action for such offense may be commenced therein, and when such court may conduct proceedings with respect thereto which lead or may lead to prosecution and final disposition of the action in a court having trial jurisdiction thereof.” (CPL 1.20, subd 25).
The "trial jurisdiction” of the court is defined as follows: "A criminal court has 'trial jurisdiction’ of an offense when an indictment or an information charging such offense may properly be filed with such court, and when such court has authority to accept a plea to, try or otherwise finally dispose of such accusatory instrument.” (CPL 1.20, subd 24).
Thus, preliminary jurisdiction in the instant case exists *765 under CPL 10.30 as well as authority to make a proper disposition of the felony complaint under CPL 180.50, 180.60 and 180.70. The still unresolved question, however, is whether such preliminary jurisdiction would permit the court to conduct a rehearing upon the felony complaint, that is, to revive an already dismissed felony charge. This court finds no authority to grant such a rehearing. The defendant, however, has not asked for a rehearing on the felony charge but, rather, a reargument, i.e., that the court re-evaluate its findings of the preliminary felony hearing, taking into account certain errors alleged by the defendant to have existed. It is an appeal to the court to rectify its previous decision. In the alternative, the defendant requests a new preliminary hearing upon the (reduced) petit larceny charge. While there is statutory authority (CPL 170.75) for preliminary hearings on misdemeanors, this court cannot accept the reasoning of the defendant that a second preliminary hearing was intended by the Legislature in instances such as the one before this court.
It has been a rule that one Judge of co-ordinate jurisdiction should not vacate, modify, or depart from a ruling or order made by another Judge of equal rank in the same case (see 32 NY Jur, Judges, § 21).
Among the cases supporting the above rule is Matter of Haas (33 AD2d 1, 7-8, app dsmd 26 NY2d 646), which states the reason for the rule as follows: "The reason for the rule * * * is that any other [rule] would render impossible any finality of the decisional process, reduce the administration of justice to anarchistic shambles, destroy the morale of the courthouse, create uncertainty, confusion, and insecurity among the court personnel, place the litigant in a revolving door leading from judge to judge as each judge alters the other’s determination, array the contending jurists in professional fratricidal conflict, partisan in nature, and prevent the ultimate determination of the rights of the parties by appropriate appellate review of a final definitive determination.” (See, also, 32 NY Jur, Judges, § 21.)
Also see People v Bauer (36 AD2d 888), which held that a Judge of co-ordinate jurisdiction should not modify judgment made by his colleague of equal rank in the same case and that the remedy is by appropriate appellate review.
In connection with this question, section 21 of the Judiciary Law provides: "A judge other than a judge of the court of appeals, or of the appellate division of the supreme court, *766 shall not decide or take part in the decision of a question, which was argued orally in the court, when he was not present and sitting therein as a judge.”
In People v Jenkins (39 AD2d 924), the above section of the Judiciary Law was applied so as to prevent the People from making its application to reargue to a Judge with concurrent jurisdiction where the indictment had been dismissed; the court found that it was the first Judge’s prerogative to decide whether reargument should be allowed. See People v Tartt (71 Misc 2d 955) in which the general rule was followed so as to prevent a second Justice on the eve of trial from granting an application to suppress tape recordings of conversations by the defendant and others which had been obtained pursuant to an intercept order (CPL art 710). The eavesdropping continued beyond the date of the intercept order. A motion to suppress was denied. The second Justice ruled that he was foreclosed by the decision of the earlier Justice.
Although Judges of concurrent jurisdiction may not overrule each other, it is within their judicial power or jurisdiction to make new orders in proper cases. A proper case was found to exist in People v Gruttola 72 Misc 2d 295). In Gruttola, the Criminal Court, County of New York, stated that Judges may make new orders (p 296) "in ambulatory interlocutory situations where new matter is presented to them in the regular course of their judicial duties requiring them to act” such as in bail applications. The court relied upon People ex rel. Manceri v Doherty (192 NYS2d 140).
The issue before this court does not relate to the power of the court to review or amend bail. Such new matter is not presented here as was found in Gruttola (supra). Also there is a question as to whether new matter could be raised upon any motion to reargue (CPLR 2221 and Practice Commentaries, McKinney’s Cons Laws of NY Book 7B, CPLR 2221, pp 154-162). Consequently, this court finds that it lacks authority or jurisdiction to review the sufficiency of the preliminary hearing determination.
Since a Judge of co-ordinate jurisdiction may not sit in review so as to modify or alter judgments of a Judge of concurrent jurisdiction on the same case, one might reasonably inquire as to the remedies available to a defendant in such a matter as this. It seems clear that his remedy is not by writ of habeas corpus.
For the right to habeas corpus to exist there must be an *767 actual physical restraint of the relator. A person who is at liberty on bail (as this defendant) has been held not to be so restrained of his liberty that he would be entitled to the writ (see People ex rel. Lutfey v Byrne, 247 App Div 797; People ex rel. Albert v Pool, 77 App Div 148; People ex rel. Smith v Biggart, 25 App Div 20; Ann. 77 ALR2d 1307, right of one at large on bail to writ of habeas corpus; also, see, Matter of Butts v Justice of Ct. of Special Sessions of Town of Greenburgh, 37 AD2d 607, app dsmd 29 NY2d 707; People ex rel. Schlanger v Phimister, 35 AD2d 1003). It has also been held that errors or irregularities occurring during trial are not properly reviewable by habeas corpus (People ex rel. Moore v La Vallee, 15 AD2d 584; People ex rel. Anderson v Warden of New York City Correctional Inst. for Men, 68 Misc 2d 463).
Additionally, an article 78 proceeding does not lie. The Court of Appeals in Matter of State of New York v King (36 NY2d 59), held that courts may not entertain a collateral proceeding to review an error of law in a pending criminal action, however egregious and unreviewable by way of immediate appeal or by appeal after the final judgment of conviction or acquittal. It stated further that neither prohibition nor mandamus lies under article 78 to undo what seems to the defendant to be egregious or prejudicial errors. The court said this extraordinary remedy will not lie unless there is a clear legal right and unless there is available to the petitioner no adequate remedy at law, of which appeal is only one.
The finding of a preliminary hearing is intermediate in nature and not itself appealable. Accordingly, defendant’s remedy would be by appeal from a judgment of conviction under CPL 450.10 (see, also, People ex rel. McLaughlin v Monroe, 44 AD2d 575).
If there had been an indictment, alleged errors of the preliminary hearing would have been vitiated thereby (see People v Tornetto, 16 NY2d 902; People ex rel. Hirschberg v Close, 1 NY2d 258; People v Laval, 33 AD2d 799; Matter of Friess v Morgenthau, 86 Misc 2d 852).
Coleman v Alabama (399 US 1, supra) and Gerstein v Pugh (420 US 103) have been cited in support of arguments raised by the defendant, but the court does not find them to be applicable to the jurisdictional issue raised by this case. In fact, Gerstein v Pugh (supra) adds weight to this court’s holding that errors allegedly committed in an adversarial *768 preliminary hearing, do not violate constitutional standards, since, constitutionally, no adversarial hearing is required.
The defense counsel in a memorandum in opposition to a supplemental memorandum submitted by the People raised, inter alia, that the court has inherent power to protect a defendant’s constitutional right to due process of law at all phases of a criminal proceeding and that the court cannot be divested of that power by virtue of the fact that there is no specific statutory provision authorizing an appeal from an erroneous finding of reasonable cause. There is no violation of due process, a constitutional right, when the right sought to be obtained is not constitutional in the first place. Whereas a trial is constitutionally required, a preliminary hearing is not. It should be noted that Gerstein v Pugh (supra) treats the probable cause determination as a Fourth Amendment issue and not one of due process.
Accordingly, the court finds no authority or jurisdiction to review the alleged errors in the preliminary hearing, or to sustain the defendant’s motion for reargument which is denied, as is his motion for a preliminary hearing on the petit larceny charge. Merely by way of dicta, I have read the preliminary hearing minutes and have found them sufficient to warrant a holding for trial. However, if the defendant wishes, I will refer this motion to reargue to the Judge before whom the preliminary hearing was held and in whom jurisdiction of this matter is retained pursuant to the Constitution of the State of New York (art VI, § 26, subd k).
Motion for a bill of particulars and discovery is granted in part.