*213 OPINION OF THE COURT
Anthony Corso, J.
The defendant, on March 15, 1979, was brought before the court on a felony complaint charging him with robbery in the first degree (Penal Law, § 160.15, subd 2) at which time an adjournment to March 21 was obtained in order for retaining counsel. Bail was ordered, which he was unable to post and he was remanded to the Suffolk County jail. On the adjourned date he appeared by an attorney who requested and received an "in custody” felony exam date of March 26.
When the case was called on that day for an examination, the People requested that the case be placed on the "pending indictment calendar”. It is to be noted that this "P. I.” calendar would seem to be unique to the Suffolk County District Court. A brief explanation is therefore in order. In the early part of 1978, Administrative Judge of this court, Angelo Mauceri, created the felony open calendar. It was ascertained that over the prior years the District Attorney at times was not prepared to give a felony examination and represented that the matter was going to be presented to the Grand Jury. As a result the matter was adjourned to another date upon which the Assistant District Attorney would again request an adjournment. Eventually, the defendant would utilize the only remedy open to him and that was to seek a dismissal for the failure of the People to prosecute, which of course, was an "exercise in futility.”
Consequently, a great number of cases continued to appear on the daily felony calendar causing defense attorneys and witnesses to appear unnecessarily. Hence, it was intended that the felony open calendar would consist of those cases where the People were not ready and stated that they will present the matter to the Grand Jury and defense counsel need not move for a dismissal. Those cases were only to be returned to the daily calendar upon application either by defense counsel or the People when an indictment has been handed down or due to a no true bill, or the defendant sought a dismissal for failure to prosecute, or any other similar type relief. Its creation was an effort to give a logical expression of the law rather than a paper ballot which causes increased hardship upon the defense bar, the witnesses and the courts. Since its implementation two years ago the "P. I.” calendar has proven to be a success.
In the matter before this court the defendant after posting *214 bail was not further prosecuted until August 10, 1979, when the matter was restored to the felony calendar at which time the People moved to reduce the felony to the class A misdemeanor of petit larceny (Penal Law, § 155.25). A plea of not guilty was entered and the matter then was set down for trial on October 10, 1979. On that date the People were not ready and at their request it was adjourned to October 19, 1979. On October 19, the People again requested and received an adjournment to November 27, 1979.
The defendant now moves for an order pursuant to CPL 170.30 (subd 1, par [e]) dismissing the information on the ground that his right to a speedy trial has been violated (CPL 30.30).
The People in opposition argue that there was no objection by the defendant of having the matter placed on the pending indictment calendar nor was there a request by him for a speedy trial and further it was placed on the "P. I.” calendar for the benefit of the defendant.
At the outset it is to be noted this court finds that the applicable statutory mandate that governs this case is CPL 30.30 (subd 5, par [c]), which states, where a criminal action is commenced by the filing of a felony complaint and thereafter the felony is replaced with an accusatory instrument charging the defendant with a misdemeanor, the applicable period is the period applicable to the charge in that accusatory instrument, calculated from the date of the filing; "however * * * when the aggregate of such period and the period of time, excluding the periods provided in subdivision four, already elapsed from the date of the filing of the felony complaint to the date of the filing of the new accusatory instrument exceeds six months, the period applicable to the charges in the felony complaint must remain applicable and continue”.
Accordingly, the People must prosecute this defendant within six months of the commencement of the criminal proceeding or within 90 days of the filing of the misdemeanor complaint, depending upon the calculation of the intervening time periods.
This criminal proceeding is deemed to be commenced on the date counsel first appeared for defendant, March 21, 1979 (CPL 30.30, subd 4, par [Q). The misdemeanor complaint was filed on August 10, 1979. This motion was made on November 26, 1979.
The court must first determine which time period is applica *215 ble to these proceedings. As can readily be seen, the time from commencement of the action, March 21, 1979, to the date of this motion, November 26, 1979, exceeds the six-month limitation established in CPL 30.30 (subd 5, par [c]). Hence, it would appear that the defendant must be prosecuted within the six-month time period applicable to the felony complaint.
However, the Assistant District Attorney contends that the time period for which this action was placed on the pending indictment calendar is not chargeable to the People. He argues that defendant’s failure to object to being placed on the pending indictment calendar constitutes consent thereto and a waiver of any speedy trial rights. This court cannot agree with the People’s conclusion.
Defendant’s right to a speedy trial pursuant to CPL 30.30 is not dependent in any way on whether defendant has expressed his readiness for trial (People v Hamilton, 46 NY2d 932). The burden is on the prosecution to bring the defendant to trial within the prescribed time period, and no demand by him is required to trigger that obligation (People v Johnson, 38 NY2d 271). Furthermore, the mere failure to object should not necessarily be considered an acquiescence (People v Johnson, supra, p 273, n 1).
Defendant’s failure to object to being placed on the "P. I.” calendar may in fact amount to acquiescence with regard to the waiver of a felony exam, but this court fails to see how it could be considered a waiver of his right to a speedy trial. The "P. I.” calendar merely gives the People the opportunity to present the matter to the Grand Jury without first going through with a felony exam. When a case is placed on that calendar no outside date is set for its removal. The District Attorney’s contention that once a case is placed on the "P. I.” calendar he is relieved from his obligation to prosecute it within the time limitations of CPL 30.30 is untenable.
Since the total time elapsed from the date of commencement of this proceeding (March 26, 1979) to the date of this motion or the last adjourned trial date (November 26, 1979) exceeds six months, the time period applicable is that which applies to the charges in the felony complaint (CPL 30.30, subd 5, par [c]). That time period is, in fact, six months (CPL 30.30, subd 1, par [a]).
In computing the total time elapsed, the People contend that pursuant to People v De Rosa (84 Misc 2d 316, affd on other grounds 42 NY2d 872) the time between the knock down *216 (August 10, 1979) and the first trial date (October 10, 1979) should be excluded. The court need not reach that issue as the total time elapsed from March 21, 1979 to November 26, 1979 would exceed six months with or without the contested 60 days.
In accordance with the foregoing, this action is dismissed (CPL 30.30).