OPINION OF THE COURT
Harold Fertig, J.
The defendants herein are separately charged with various crimes. They have all made separate motions which seek amongst other relief to dismiss the informations presently pending against them upon the ground that their right to a speedy trial, pursuant to CPL 30.30 has been Violated. Since the circumstances surrounding their prosecutions are similar and since all are represented by Legal Aid, the court has elected to decide all their motions in this decision.
On March 5,1981, the defendant David A. Hinson made a motion returnable March 12, 1981, requesting the court pursuant to CPL 170.30, to dismiss the information against the defendant on the ground that defendant’s right to a speedy trial had been violated pursuant to CPL 30.30. In addition, the defendant, as part of that motion, moved for other omnibus relief, including the suppression of certain evidence and for discovery of sundry information.
This motion was subsequently followed by similar motions, from the remaining defendants. The motion of defendant Leonard Crider was returnable on March 23,1981; by defendant David P. Shackelford on March 23, 1981; by defendant Jeanette Gambale on March 24, 1981; and by defendant Rennay Fantúm on March 24, 1981. The court ordered each of the motions be set down for a hearing and consolidated all five into one hearing. Testimony was taken on April 8, 9, 14, 15, and 22 and memoranda of law were served and argument was completed by counsel on May 12, 1981.
Although the Hinson case involved a class B misdemeanor and required only 60 days before a motion to dismiss could be made, it is conceded that a period of at least 90 days elapsed between the time all the cases were placed on the Part II reserve trial calendar and the time in early March, 1981, when the cases were called for trial.
*543 The People raise certain contentions in opposition to the motions, some of which have not been previously addressed by the courts. The People contend that in the case of Shackelford, Crider and Gambale, the defendants waived their rights under CPL 30.30 by requesting adjournments for conference and possible disposition after those rights had accrued.
The People also claim that since all of the defendants are represented by one counsel, the Legal Aid Society, and since practically all cases pending in Criminal Part II, District Court, Nassau County, are matters in which the Legal Aid Society represents the defendants, that the actions of defense counsel, not only in the specific cases which are the subject of these motions, but in all other cases in Part II, directly affected the delay of the calendar. Therefore, the People contend, such delay was consented to by the defendants and should be chargeable to them. They further argue that in the cases of Fantum, Shackelford and Gambale, the defendants themselves requested that the cases be placed on the reserve trial calendar, and in effect that was a request for an adjournment by those defendants and that the period during which these cases remained on the reserve calendar should not be chargeable to the People.
The People further argue that in the case of Fantum they effectively communicated their readiness on the record.
In the case of Crider, the People contend that the People were ready for trial as evidenced by contemporaneous records showing that the case was marked for trial and that defendant adjourned the trial on the scheduled dates.
They also state that all defendants were estopped from applying the effects of CPL 30.30 to the period during which the cases remained on the reserve calendar, because defendants, by their contemporaneous actions, agreed that CPL 30.30 would be inoperative, while on the reserve calendar.
The defendants simply deny the arguments of the People and request a strict construction of the provisions of CPL 30.30, claiming that the People did not communicate on the record their readiness to proceed to trial at any time *544 until after the 90 days had elapsed. They also claim that at no time during the 90-day period did any of the defendants request an adjournment or do anything to toll the time period counted against the People pursuant to CPL 30.30, nor were there any circumstances which could be defined as “exceptional.”
Starting November 10, 1980 a new calendaring system was instituted in the Criminal Parts of the Nassau County District Courts, whereby all cases after being conferenced twice would be placed on a reserve trial calendar. Cases in the reserve trial calendar were not called for trial until placed on the ready calendar, which was to be called each Monday. Between 20 to 30 cases on the average were to be placed on the ready calendar based upon their age in the Part. In addition, those cases where a defendant was in detention were given preference. Cases were added to that ready calendar as others were disposed of, either by trial or plea.
The purpose of the new calendar system was to keep the Judges busy and to move the calendar more quickly. The Judges were kept busy, but unfortunately the effect was to create heavier calendar calls and conferences, while the reserve trial calendar grew. Delays in disposing of cases increased first from 4 to 6 weeks and then from 8 to 10 weeks. Both the People and the Legal Aid Society were aware of the increasing delays. At no time did either the People or defense counsel object to the procedure or the placing of cases on the reserve trial calendar, except where a case did not have the two prior conferences required. At no time did anyone object to the fact that the trials would be delayed, nor did the People ever answer “Ready” in open court before a case was placed on the reserve trial calendar.
In early March, 1981 the court, noting the delay caused by the procedure, started to bring all the cases on the reserve trial calendar to a ready calendar and commenced to reconference the cases pending.
The hearing involving the defendants established the following facts:
On June 21, 1980, David A. Hinson was charged with menacing, a class B misdemeanor. He was given an ap *545 pearance ticket to appear in court for arraignment on July 25, 1980. He appeared on that day and the matter was adjourned two times for the defendant to obtain counsel. He was arraigned on October 14, 1980 and the case was marked for trial November 19, 1980. On November 19, 1980, the case was not called for trial, having been placed on the reserve trial calendar by the clerk of the court. The defendant made no objection and the People made no request for the case to be put on a trial calendar, nor did they answer “Ready.” It remained in limbo until March 9, 1981 when the People answered “Ready ” for the first time. On October 14, 1980, when the case was adjourned for trial on November 19, 1980, the court stated, “Ready means the People will have witnesses available for trial. If the People are not ready, that is they do not have witnesses available on the date of trial, the case will be dismissed.” The People said nothing and, as stated above, the case was never called again until March 9, 1981.
On September 6, 1980 Leonard Crider was charged with petit larceny, was directed to appear for arraignment on September 8, 1980 and appeared on that date and requested a lawyer. He was arraigned on October 6,1980. On October 21, 1980 the defendant requested a one month’s adjournment. On November 17, 1980 the case was placed on the reserve trial calendar. No one protested and the People did not answer “Ready” until March 10,1981 when the case was on the trial calendar. Previously, on February 25, 1981, the case was conferenced for a possible disposition, and the defendant participated in the conference, but the case was not disposed of and was subsequently marked for trial on March 17, 1981.;
On August 17, 1980 Donald Shackelford was charged with reckless endangerment in the second degree, a class A misdemeanor and menacing, a class B misdemeanor and was arraigned on both charges on October 9, 1980 when counsel was assigned to him. The cases were put down for trial on November 17, 1980, although neither the People nor the defendant answered “Ready for trial.” On November 17,1980 the case was put on the reserve trial calendar at defense counsel’s request, and remained there until March 10,1981 when the People answered “Ready” for the *546 first time. On February 25, 1981 the case was put on for conference at defendant’s request. The case was conferenced and put on the calendar for March 10, 1981 for disposition. No disposition was had and the case was marked “ready and passed.”
On August 16, 1980, Jeanette Gambale was charged with driving while intoxicated and criminal possession of a controlled substance in the seventh degree, both class A misdemeanors; She was arraigned on both charges on September 16, 1980 when counsel was assigned and the case was conferenced on October 14, 1980 and November 10,1980. On November 10,1980 the cases were put on the reserve trial calendar. It was not until March 9, 1981 that the People answered “Ready.” On February 25, 1981, the case was conferenced informally and put on for disposition on March 10,1981. The attorney handling the case for the defendant testified that he knew after the first of the year that an omnibus motion would be necessary and back in November, 1980 he had hoped the case would be conferenced again to possibly result in a plea.
On October 20,1980, Rennay Fantum was charged with petit larceny and was arraigned on November 20, 1980 when counsel was assigned. On December 1,1980 the case was conferenced, and defense counsel first requested the case be put on the reserve trial calendar and then requested another conference on December 9, 1980 provided the offer of a reduced plea remain available. The District Attorney advised the defense counsel that the plea offer would remain open until December 9, 1980 that is, “disorderly conduct”, but if not accepted at that time it would go on for trial. On December 9,1980 the defendant refused to accept the plea and the case was originally to be adjourned to January 16, 1981, without objection by the defendant. However, instead, it was put on the reserve trial calendar. On March 11, 1981 the case appeared again on the calendar, at which time the People answered “Ready” and the case was set down for trial on March 17, 1981. It was carried on the “Ready and Passed” calendar awaiting trial from March 17, 1981 until March 31, 1981, when at the insistence of the court and over objections of the defendant, the case was tried. Defendant had objected to the trial since *547 their motion was made returnable on March 24, 1981 and was submitted on that date. The court, noting that the motion was submitted after the case had been set down for trial, and because the court had no other available trials, stated that the Fantum case would be tried. The defendant’s rights pursuant to CPL 30.30, however, remained available to him, depending upon the court’s determination of the pending motion. On April 2, 1981 the jury returned a verdict of guilty and the defendant’s sentence was adjourned to May 15,1981. On that date sentence was further adjourned because of the defendant’s failure to cooperate with the Probation Department inquiry and remains in that status at this time.
 There is no question that substantially all cases pending in Criminal Part II, District Court, Nassau County, between October, 1980 and March, 1981, the period involved in this motion, involved defendants represented by the Legal Aid Society. This was true for some time prior to those dates and continues at this time. It is also true that prior to the inception of the reserve trial calendar procedure and since March, 1981 when the reserve trial calendar was discontinued, the Legal Aid Society has on numerous occasions requested adjournments on behalf of their clients, for further conference, to afford them an opportunity to reconsider plea offers, made to them by the District Attorney’s office. Further, on many occasions the attorneys of the Legal Aid Society, during the period November 1980 through March, 1981 when the reserve trial calendar was operating, requested that cases be put on the reserve trial calendar. During both periods, when the reserve trial calendar procedure was in effect and when it was not, whether defendant requested adjournments or requested that cases be placed on the reserve trial calendar, the ultimate effect was the same, the cases were adjourned for future disposition or trial. Both the prosecutor and defense counsel were aware that that would be the result.
It is quite evident that because the Legal Aid Society represented substantially all defendants with cases pending in the Part, they effectively controlled the calendar, either by disposing of cases through pleas, or by refusing to *548 accept pleas, thereby causing a backlog of cases for trial creating further delays in cases being brought on for trial. Of course, when the reserve trial calendar was not in effect, cases would have to be adjourned either by defendant or the People for possible disposition or for trial. At the time of such adjournments either side would be able to make known their positions on the adjournments, and express theiro consent or opposition to the adjournment and/or readiness for trial. During the reserve calendar procedure neither side had an opportunity for adjournments beyond two conferences, since after such two conferences the cases were put on the reserve trial calendar to await their being placed on a ready calendar for trial.
The People argue, ostensibly, that because the defendants knew that the placement of cases on the reserve trial calendar would result in more and more lengthy adjournments, and since the defendants’ attorney in each of the cases were the same and the attorneys in effect controlled the calendar, the People should not be chargeable with such delays, but such delays should be charged against the defendant. The People do not claim that the defense counsel intentionally manipulated the calendar, but that the circumstances created a condition where they knew of the delays and consented to them and may have even inadvertently created them.
The defendants, relying heavily upon the recent Court of Appeals decision of People v Brothers (50 NY2d 413) claim that the People also knew of the resulting delays of placement on the reserve trial calendar, and that even if the defendants knew of the delays so caused, they had no other choice. They claim that whether requested by the defendant or placed on the reserve calendar by the clerk of-the court, it was done so not for further conference but for trial, and in any event, the People had the obligation to communicate their readiness to try the cases. Failing that, these motions must be granted.
People v Brothers (supra) was decided in May, 1980, and involved a “ready reserve” calendar in Suffolk County Court. The trial court found that the sheer weight of numbers and limited availability of judicial personnel created “exceptional circumstances” within the meaning of *549 CPL 30.30 and denied the motion. The Court of Appeals in reversing the conviction and dismissing the indictment found that court congestion does not excuse the People’s failure to be ready for trial pursuant to CPL 30.30.
On oral argument of the motion in Brothers, the People presented an argument similar to the argument of the People in the present cases, that is that they had been ready for trial before the time limitation had expired. The court rejected that argument and stated that oral assurance on argument of the motion was insufficient without record proof of any contemporary communication of the People’s readiness within the standards enunciated in People v Hamilton (46 NY2d 932, 933).
In People v Hamilton (supra) the Court of Appeals stated that CPL 30.30 relates to prosecutorial readiness to proceed to trial and is not in any way dependent on whether the defendent had expressed his readiness for trial, or whether the defendant can demonstrate prejudice resulting from their delay. The court specified (supra, p 933) that “the People must communicate readiness for trial to the court on the record when ready to proceed. It is insufficient, as a matter of law, to inform the court of such a claim for the first time in an affidavit submitted in response to a motion to dismiss the indictment (see United States v Pierro, 478 F2d 386).”
The court, in People v Brothers (supra), differentiated between CPL 30.30 and 30.20 and pointed out that there was a great difference between the right to dismissal on constitutional grounds (CPL 30.20) and because of the failure of the People to be ready for trial (CPL 30.30). It was further determined that once the District Attorney had effectively announced his readiness for trial the affect of CPL 30.30 was exhausted, and whether or not the court facilities were also available for a trial was of no consequence, and was not an additional prerequisite to the relief requested. However, court congestion which may prevent a trial does not excuse the District Attorney’s failure to be ready or his failure to effectively communicate such readiness to the court (People v Hamilton, supra).
*550 The court went on to point out that it did not determine whether a subsequent plea of guilty might operate as a waiver of the defendant’s entitlement to dismissal.
It is interesting that one of the arguments made by the District Attorney in the motion before this court was set forth in the dissenting opinion of Judge Jasen in the Brothers case. Judge Jasen stated (50 NY2d 413, 419, supra) that, “Having the case placed on the ‘ready reserve calendar’ was a clear expression of readiness to the court on the part of the District Attorney to proceed. It is ludicrous to impose upon the District Attorney the additional responsibility of pulling a case from the ready calendar — itself reflecting the People’s readiness — only to place on the record a formal statement to that effect.” This argument was rejected by the majority and it is therefore clear that the majority would require the District Attorney to actually effectively communicate readiness and such readiness, according to the majority, cannot be implied from the placing of the case on a ready calendar alone.
The People contend that the defendants Shackelford, Crider and Gambale waived their right to a speedy trial by requesting and obtaining an adjournment of their respective cases for the purpose of conference and possible disposition after the rights pursuant to CPL 30.30 had accrued.
People v Rodriguez (50 NY2d 553, 558, n 3), decided in June, 1980, after the Brothers case, held that the constitutional right to a speedy trial may be surrendered, and found by a note to their decision — “We do not more precisely delineate the requirements for waiver of a CPL 30.30 claim, since, a fortiori, evidence sufficient to establish the waiver of a constitutional claim will suffice to establish one under CPL 30.30 as well.” However, the court was careful to point out (supra, p 557) that only “an intentional relinquishment or abandonment” will suffice; and that a record silent on the issue will not overcome the presumption against waiver.
In the Rodriguez case the record clearly established a waiver since the defendant pressed for a trial and a Wade hearing, declaring that after the Wade hearing there was no reason not to proceed to trial as soon as the transcript of *551 the hearing was obtained. The court found that the defense preferred to use its right to press for the hearing as leverage with which to compel an immediate trial on the merits. Perhaps, the court reasoned, the defendant intended to use the speedy trial issue as a fallback position if the trial result was adverse.
In the cases before this court, where the People claim such a waiver, the alleged abandonment of the right to a speedy trial is not as obvious. Here, after the speedy trial rights had accrued, the defendants requested adjournments to further plea bargain and, in addition, together with the mption for a dismissal pursuant to CPL 30.30 made further requests for discovery and for the suppression of certain evidence.
By requesting discovery and the suppression of evidence have these defendants really prepared for two courses of action, one a trial, and the other a dismissal for lack of a speedy trial? Is such a dual position sufficient to show an intentional relinquishment or abandonment of the defendant’s right, or was it rather a back-up position, in the event the speedy trial motion was decided adversely? It is also clear that while demanding discovery and suppression of evidence should the case go to trial and continuing to seek adjournments to plea bargain the defendants did continue to assert their rights pursuant to CPL 30.30 and indicated their opposition to try any of the cases involved in the motions before this court until after the motions were decided. It should be noted that a sixth case, which was the subject of a similar speedy trial motion, was successfully disposed of by plea, and the motion pursuant to CPL 30.30 in that case was abandoned.
As the court stated in People v Rodriguez (50 NY2d 553, 557-558, supra), citing Salesian Soc. v Village of Ellenville (41 NY2d 521), it is the judgment of counsel that charts the procedural course through the courts, and the “courts are loath to second-guess a litigant’s ‘highly judgmental function’ of deciding when and to what end to assert a right or to forego reliance on it”.
People v Friscia (51 NY2d 845) was decided in October, 1980. In that decision the court determined that a plea of guilty by a defendant who had previously made a speedy *552 trial motion would effectively waive the right to a dismissal (see, also, People v Thill, 52 NY2d 1020; People v Clary, 52 NY2d 1023), and that even in the absence of a waiver the period of time involved in plea bargaining would reduce the period of the People’s delay.
Here we have no plea of guilty and the plea bargaining took place after the 90-day period had already lapsed.
To show an intentional abandonment of defendant’s right to a speedy trial, the waiver does not have to be express or explicit but can be established by the record (People v Panarella, 50 AD2d 304). However, the People have the burden of showing that such waiver existed on the record (People v Bonterre, 87 Misc 2d 243). Certainly, mere inaction on the part of the defendant to prevent delay raises no presumption of a waiver since the defendant has no duty concurrent with that of the prosecutor to bring the case speedily to trial (People v Bonterre, supra).
The People also argue that since the actions of defense counsel contributed to the delay by placing the cases on the reserve trial calendar they consented to the delay and contributed to it. “Where the defendant seeks an adjournment or consents to an adjournment requested by the People, his conduct constitutes a waiver of his right to complain of any delay occasioned thereby” (People v Pace, 71 AD2d 609, 610).
Certainly, defendant’s failure to object to being placed on the reserve trial calendar cannot be deemed an acquiescence to delay (People v Magee, 103 Misc 2d 212).
The People argue, however, that not only did defense counsel fail to object to defendant’s cases being put on the reserve calendar but they, themselves, asked that they be placed there. In addition, it is argued that Miss Garber of the Legal Aid Society specifically indicated that defendants did not wish to have cases accelerated for trial during the month of December, 1980 and both Mr. Alexion and Mr. Minkoff, also of the Legal Aid Society, indicated that they were not ready to try any cases in Part II during the month of December, 1980.
It is signifies .t to note that together with the motion to dismiss pursuant to CPL 30.30 the defendants requested *553 other relief, David Hinson requested a bill of particulars, discovery and inspection, Brady material and the suppression of certain evidence.
Leonard Crider requested no additional relief other than that provided for under CPL 30.30
Donald Shackelford requested a bill of particulars, discovery and inspection, Brady material and the suppression of certain evidence.
Jeanette Gambale requested a bill of particulars, discovery and inspection, Brady material and the suppression of evidence.
And Rennay Fantum requested a bill of particulars, discovery and inspection, Brady material and the suppression of evidence.
All of the portions of the motion not addressed to the “speedy trial” provision were also left for determination after the hearing.
All of the attorneys in Part II, both the Assistant District Attorneys and the Legal Aid Society attorneys, working together in the same court, over a period of time, become less formal in their dealings, and from time to time had various oral understandings as to their respective conduct in the Part. However, these understandings were not made part of the record nor was the court bound by them. It is now argued by defense counsel that the motions for a bill of particulars, discovery and suppression were not previously opposed by the District Attorney and the court previously did not impose the requirements of CPL 255.20 on them.
Those portions of thé present motions are being opposed by the People, and the court cannot summarily grant them without first looking to the provisions of CPL 255.20 and applying the directives of that statute. Only those pretrial motions which the defendant could not, with due diligence, have been previously aware or, which, for other good cause, could not reasonably be raised within the 45-day period must be decided on the merits and any other pretrial motion made after the 45-day period may be summarily denied. Except, the court in the interest of justice and for good cause shown may dispose of motions made after the 45-day period, on the merits.
*554 The defendants claim as good cause for the delay first that it was accepted procedure between the People and defense counsel and, second, that the sheer number of cases handled by the Legal Aid Society made it impractical for them to make timely motions on all cases. Such motions were only made when it was determined that a case would definitely be going to trial. However, the People claim these delays were prejudicial to them (see People v Solomon, 91 Misc 2d 760). The District Attorney also indicated to defense counsel that he would not oppose any motions made while the cases were pending on the reserve trial calendar. Here, the defense counsel waited more than 90 days and until after the cases were off the reserve trial calendar and marked “Ready and Passed” for trial before such motions were made. As stated above, the court will not second-guess counsel in deciding when and to what end to assert a right or to forego reliance on it; but the parties must accept the consequences of the procedure which each of them followed.
In the case of Crider, no additional motions were made or required in order to go to trial. In the case of.Gambale, it was not until February or March of 1981 when the People determined that the SIB report with regard to the charge of a violation of section 220.03 of the Penal Law was available. Certainly, as to that charge the defendant had good cause to delay her motion. As to all other motions the defendants had reasonable cause to believe that once the cases were put on the reserve calendar they would be tried and they admitted that in Shackelford and Fantum they had concluded in November and in December, 1980 that those cases would be tried. In striking a balance between meritorious pretrial relief and the danger of unduly or prejudicially protracting the action (People v Wyssling, 82 Misc 2d 708), the court finds that the defendant by waiting for the cases to be placed on a ready calendar before making their discovery and suppression motions, further protracted the action to the People’s prejudice. In any event, except for Crider, where no motion was made, and the one charge for Gambale, the defendants have not shown good cause for the delay beyond 45 days in making their respective motions. Such motions were made even *555 after the 90-day period which is the subject of the speedy trial motions.
This court cannot accept the People’s argument in opposition to the speedy trial motion that the defendants waived their rights, since they did not “intentionally relinguish or abandon” their rights. On the contrary, they continued to argue those rights and persisted that they would not go to trial or plead until the speedy trial motion had been decided. Nor can the court accept the People’s argument of “estoppel” based upon an implied understanding that once the cases were placed on the reserve trial calendar CPL 30.30 would not apply, since there is no such proof on the record. Nor can the court accept the reasoning of the People that the defendants because they were all represented by the Legal Aid Society were responsible for the delays. Defendants do not have the obligation of proceeding to trial, and whether the calendars in the Part were delayed by defense counsel or for any other causé, the only obligation of the People is to be ready for trial and to effectively communicate such readiness to the court on the record. They are not penalized for the actual delay caused by the court congestion (People v Brothers, 50 NY2d 413, supra). The court also rejects the People’s reasoning that because defense counsel might be responsible for the delay and they themselves asked that the cases be placed on the reserve calendar, it operated as a consent to adjourn. They placed the cases on the reserve calendar because there was no other choice. In addition, just as delay caused by a party’s attorney’s office procedure cannot excuse a statutory time period requirement, a defendant cannot have imposed upon him the results of procedures followed by his attorney in a series of other cases.
The court finds that it must assess each of the cases based upon the provisions of CPL 30.30 since the placement on the reserve trial calendar alone is not such special circumstances as to toll the time period (People v Brothers, supra).
In assessing the circumstances of each case the court cannot disregard the pretrial motions made together with the speedy trial motions. In computing the time within which the People must be ready for trial there are to be *556 excluded reasonable periods of delay resulting from “pretrial motions”, and the period during which such matters are under consideration by the court (CPL 30.30, subd 4, par [a]). The court must also consider the period of delay resulting from a continuance granted by the court at the request of or with the consent of, the defendant or his counsel (CPL 30.30, subd 4, par [b]). The total period runs from the commencement of a criminal action until such time as the People effectively communicate on the record their readiness to proceed to trial.
In addition to the exclusions set forth above, there is also to be excluded the period during which the defendant is either absent or unavailable (CPL 30.30, subd 4, par [c]); and during which the defendant is without counsel through no fault of the court (see CPL 30.30, subd 4, par [fl).
In People v Denson (46 AD2d 775) the Appellate Division, Second Department, held where an indictment was returned on December 6, 1972 and the defendant did not move for a bill of particulars until July 26, 1973 (after the six months allowed for a felony under CPL 30.30 had passed) that entire period plus the period until August 30, 1973 when the motion was decided, was excluded. It was not until September 11, 1973 when the case was marked ready by the prosecution.
Here, the cases were answered ready before the motions were made for a bill of particulars. The court, in People v Denson (supra), therefore, interpreted the meaning of CPL 30.30 (subd 4, par [a]) “pretrial motions” to exclude the period not only from the time the motion was made until it was decided, but to exclude the entire period until such motion was actually made and decided. It can also be argued, once the circumstances are known, that where a defendant awaiting trial intends to make such a pretrial motion, and intentionally holds off making such motion until the case is about to be tried, has, in effect, consented to the delay. The defendants by delaying their motions have effectively benefited from the delay.
In the cases before this court, not only has each of the defendants put off the making of such motion for the 45-day period allowed by CPL 255.20 but they went beyond *557 that period and now request that such delay be excused for good cause shown. At the same time defendants move for dismissal on the grounds that the People were not ready to proceed.
Since this court has not found good cause for most of defendants’ delays in making pretrial motions and has limited them to the 45-day statutory period (CPL 255.20), the court in computing the time excluded for motions shall allot the time for motions as the actual time of such delay or 45 days, whichever shall be less.
Each of the five cases, therefore, must be decided on its own merits and on the circumstances of that case. “[A] criminal action begins with the filing of an ‘accusatory instrument’ as defined by statute, which serves as the basis for prompt arraignment or issuance of a warrant of arrest (CPL 1.20, subd. 17; 100.05; 120.20, subd. 1; 170.10, subd'. 1; 180.10, subd. 1; 570.08)” (People v Blake, 35 NY2d 331, 339).
The case against David Hinson commenced on June 21, 1980 and the People first communicated their readiness to proceed on March 9, 1981. A total of 261 days elapsed, certainly more than the 60 days required for a class B misdemeanor. However, between June 21,1980 ánd October 14, 1980, there was delay for the purpose of obtaining counsel. Such period amounted to 115 days and there was a further adjournment on consent, to November 19, 1980, amounting to another 26 days. The pretrial motion was made more than 45 days after arraignments. Therefore, the court will allow 45 days for such pretrial motion, making it a total of 186 days of excusable delays, deducted from 261 leaves 75 days of delay or more than 60 days. That case is therefore dismissed pursuant to CPL 30.30.
The case against Leonard Crider was commenced by the filing of an information on September 6, 1980. The People first communicated their readiness on the record on March 10, 1981. A total period of 185 days elapsed. He appeared on September 8, 1980 and requested a lawyer. On October 6, 1980 he was arraigned and counsel assigned. Therefore, the period between September 6,1980 and October 6,1980 should be excluded. Such period amounted to 30 days. On *558 October 6 the case was adjourned on consent to October 21, 1980, amounting to 15 days. On October 21, 1980 the defendant requested and obtained an adjournment to November 17, 1980, amounting to an additional 27 days. Since no pretrial motion was made on behalf of this defendant, nor was there any evidence of the need for any, there is no other period to be excluded. The total time elapsed between the time the defendant’s case was commenced and the time the People effectively communicated their readiness for trial was 185 days. Excluded from that is a period of 72 days, leaving 113 days, in excess of the requirements of 90 days pursuant to CPL 30.30 and that case is dismissed.
On August 17, 1980, Donald Shackelford was charged with reckless endangerment, a class A misdemeanor and menacing, a class B misdemeanor, and on March 10, 1981 the case was marked “Ready” and answered “Ready” by the People. A total of 205 days elapsed between those two dates. He was without counsel until October 9, 1980 when counsel was assigned. That period to be excluded amounted to 54 days. On that same dáte the case was further adjourned on consent to November 17,1980, or a period of 39 additional days. The People did nothing until March 10, 1981 and the defendant made his pretrial motions on March 13, 1981 returnable March 23, 1981. The court will allow 45 days’ delay for such motion since no good cause could be shown for the defendant’s delay. There is, therefore, an excusable delay of 137 days leaving a delay of 68 days, which would be insufficient to warrant a dismissal of the charges of reckless endangerment and menacing pursuant to CPL 30.30. Such omnibus motion of the defendant Shackelford, therefore, is denied in total for the reasons set forth.
On August 16, 1980 the charges against Jeanette Gambale were commenced. The People answered “Ready” for the first time on March 10, 1981, thereby resulting in a period of 206 days lapsing. Counsel was first assigned on September 16, 1980 and the charges were adjourned on consent to October 14, 1980 and then to November 10, 1980, which totaled 86 days to be excluded. After the first of the year defense counsel knew a pretrial motion would *559 be necessary and although there was good cause shown for the delay of the motion on the charge of possession of a controlled substance (no SIB report furnished until March, 1981) there was no such good cause shown for the delay of the pretrial motion with regard to the charge of driving while intoxicated. Since the motion was delayed by defendant in excess of 45 days from the time the defendant knew she would go on trial, the court will allow 45 days for such motion with regard to the charge of driving while intoxicated. Since the delay in making the pretrial motion with regard to the violation of section 220.03 of the Penal Law was caused by the People, the court excludes only the 86 days from the total of 206, resulting in a delay of 120 days, requiring that that charge be dismissed pursuant to CPL 30.30. On the remaining charge of a violation of subdivision 2 of section 1192 of the Vehicle and Traffic Law, the court allows a total of 131 days from the delay which results in a net delay of 75 days, which is insufficient to meet the requirements of CPL 30.30 and in that regard the defendant’s motion is denied, as is the defendant’s omnibus pretrial motions as being late.
Rennay Fantum was charged with petit larceny on October 20,1980. On December 1,1980 the People stated on the record that the plea offer of a “disorderly conduct” would remain open until December 9, 1980 and if not accepted would go on for trial. People v Hamilton (46 NY2d 932, supra) determined that the People must effectively communicate their readiness to proceed to trial to the court on the record. There is no requirement that such communication must include the word “Ready” or any other specific language. This court finds that when the District Attorney advised the defendant and the court, on the record, that unless the plea offer was accepted, the case would go on for trial, they knew that the People were ready to proceed to trial and that satisfied the requirements of such communication. This was not a mere placing of a case on a trial calendar. In addition, even if that communication would not be deemed sufficient, the court determines that the People certainly answered “Ready” on March 11, 1981 making the total time expiring between the commencement of the action and March 11, 1981 to be 142 days. *560 From that period there would be excluded the period from October 20, 1980 until December 9, 1980 during which period the defendant was first unrepresented by counsel and then consented to adjournments. That period of time involved 50 days. In addition, the defendant made a motion more than 45 days after arraignment and also consented to an adjournment to January 16, 1981. However, the case was put on the reserve calendar instead. The period between December 9, 1980 and January 16, 1981 equals 38 days. Therefore, whether the court allows 38 days for the consented adjournment or 45 days for the pretrial motion the net effect would be to reduce the lapsed time to less than 90 days and the motion made for a speedy trial is therefore denied. That portion of the motion for a pretrial discovery and suppression is likewise denied as being too late and is moot as the trial has already been completed.
In reaching the above determination the court is mindful of certain facts and circumstances, all of which were taken into account.
The People should have been aware of the Brothers decision by the Court of Appeals at the time the new calendar procedure was instituted and could have avoided the motions made by the defendants by being ready and merely stating on the record their readiness to go to trial.
The defendants’ argument with regard to the pretrial motions, requesting the court to grant the relief and excuse the delay beyond the 45-day statutory requirement, for good cause shown; and, at the same time, expecting the court to find that they did not consent to the same period of delay, is incongruous. In effect they ask for the benefit of the delay for one portion of this motion, but request that they not be charged for it on the other part of the motion. This court cannot accept that reasoning and in following the determination of the Appellate Division, Second Department, in People v Denson (46 AD2d 775, supra), the court finds that such delay in making the motions should be chargeable to the defendants. CPL 30.30 (subd 4, par [a]) excludes periods for “pretrial motions”. The statute does not define whether such period is from the making of the motion until its decision or for the entire period from the commencement of the action until such motion is made *561 and decided; clearly, the Second Department followed the latter reasoning. This court is not only bound by it but follows the reasoning which concludes that defendant’s delay in making pretrial motions is, in effect, a consent to an adjournment for the purpose of making his motion.
It is also clear that should the court have followed the defendants’ arguments completely and found the delays in making the pretrial motions justified by good cause shown it would have charged against them all the time which elapsed between the arraignment of each defendant and the making of pretrial motions, which would have resulted in the denial of all six motions. However, the People opposed the pretrial motions as not being in compliance with CPL 255.20 and by doing so the court was compelled to deny the pretrial motions and limit the excludable time, since it could find no reason to excuse such delays. The defendants have, therefore, been given the benefit of the doubt as to those delays.
Each counsel representing each of the defendants and the People has chartered his or her own course and the court will not question it, but has made its determination based upon those procedures.
Accordingly, the information against the defendants Hinson and Crider are dismissed as is the information charging the defendant Gambale with a violation of section 220.03 of the Penal Law. The remaining speedy trial motions for defendants Shackelford, Fantum and Gambale, charging her with a violation of subdivision 2 of section 1192 of the Vehicle and Traffic Law are denied, as are all pretrial motions for those three defendants. The remaining pretrial motions with regard to the dismissed informations are moot.
The defendants Shackelford and Gambale are directed to appear in Criminal Trial, Part II, Nassau County District Court on September 8,1981, 9:30 a.m. and the clerk of the court is directed to place those cases on the ready trial calendar for that date. The conviction of the defendant Fantum shall stand and he shall appear for sentence on the date previously set by the court.