Appeal from an order of the District Court of Nassau County (Paul S. Lawrence, J.), entered December 11, 1974, dismissing the information against respondent.
Memorandum. Order dismissing information reversed on the law and facts, information reinstated and matter remanded for trial.
. A motion by a defendant to dismiss an information upon the grounds of denial of a speedy trial and in the interests of justice (CPL 170.30, subd 1, pars [e], [g]) must be made in writing and upon reasonable notice to the People (CPL 170.45, 210.45; see, also, People v Trottie, 47 AD2d 751; cf. People v Wingard, 33 NY2d 192, where the dismissal was on the court’s own motion). Hence, the oral motion of the defendant herein to dismiss the information on the day of trial was improperly made and should have been denied. However, we have considered the application on its merits and conclude that it should *317 have been denied in any event. The failure of defendant, who was represented by counsel, to object in any way to the date set by the court for trial, should under the circumstances disclosed be deemed consent thereto. Consequently, the period of time between the arraignment and the originally scheduled trial date should be excluded from the computation of time within which the People had to be ready for trial (CPL 30.30, subd 1, par [c]; subd 4, par [b]). Nor does the record disclose any basis for a dismissal in the interests of justice (CPL 170.40).