OPINION OF THE COURT

Per Curiam.

A delay of one year and 13 days occurred between November 13, 1975, the date the felony complaint was filed, and November 26, 1976, the date the People were ready for trial. Since this period exceeds six months, defendant’s motion to dismiss the indictment on the ground of denial of a speedy trial must be granted (CPL 30.30, subd 1, par [a]) unless sufficient time is excludable to shorten the period of delay chargeable to the People to six months or less (CPL 30.30, subd 4; People v Sturgis, 38 NY2d 625).
Although the People offer numerous excuses for the delay, only the period from May 10, 1976 to August 10, 1976 is excludable as resulting from defendant’s pretrial motions (CPL 30.30, subd 4, par [a]). The contention that the People were excusably delayed by the need to investigate the crime further is not supported by the record (see People v Washington, 43 NY2d 772, 774). Nor is there support in the record for the People’s contention that they were ready to proceed in May of 1976. To sustain such an assertion, the People must communicate readiness for trial to the court on the record when ready to proceed. It is insufficient, as a matter of law, to inform the court of such a claim for the first time in an affidavit submitted in response to a motion to dismiss the indictment (see United States v Pierro, 478 F2d 386).
Finally, it bears emphasis that the right to a speedy trial guaranteed by CPL 30.30, which relates to prosecutorial readiness, is not dependent in any way on whether the defendant *934 has expressed his readiness for trial or whether the defendant can demonstrate prejudice resulting from the delay.
Accordingly, the order of the Appellate Division should be reversed and the indictment dismissed.
Chief Judge Cooke and Judges Jasen, Gabrielli, Jones, Wachtler and Fuchsberg concur in Per Curiam opinion.
Order reversed, etc.