Jasen, J.
(dissenting). The clear intent of the Legislature in enacting CPL 30.30 was to require the District Attorney to be ready for trial within the time period prescribed by statute *419 unless he is prevented from being ready for trial due to "delay occasioned by exceptional circumstances” or delay brought about by the defendant. Once the District Attorney indicates his readiness for trial within the delineated time periods, the statutory requirement is satisfied and we need not concern ourselves with the issue whether delay of trial due to court congestion is an "exceptional circumstance” within the meaning of CPL 30.30 (subd 4, par [g]).
There is no dispute that the District Attorney, with defendant’s consent, placed the case on the trial court’s "ready reserve calendar” within the period prescribed by statute. Thus, the requirement enunciated by this court in People v Hamilton (46 NY2d 932, 933) — that "the People must communicate readiness for trial to the court on the record when ready to proceed” — was, in effect, satisfied by the placement of the case on the criminal trial court’s ready reserve calendar. What more reliable expression of readiness should we require of the District Attorney than having a case calendared "ready” for trial and placed on the "ready reserve calendar” to follow other ready cases calendared earlier but not reached due to court congestion. Can there be any question that the operational effect of CPL 30.30 terminated when the District Attorney as well as the defendant "communicate[d] readiness for trial to the court” but, due to limited availability of courtrooms and judicial personnel, were unable to proceed immediately to trial. Having the case placed on the "ready reserve calendar” was a clear expression of readiness to the court on the part of the District Attorney to proceed. It is ludicrous to impose upon the District Attorney the additional responsibility of pulling a case from the ready calendar — itself reflecting the People’s readiness — only to place on the record a formal statement to that effect. In reality, such indication of readiness was already on the trial court’s record and no further indication of readiness should be required. To do so exalts form over substance.
For these reasons, I would affirm defendant’s felony conviction, upon his plea of guilty, of operating a motor vehicle under the influence of alcohol.
Chief Judge Cooke and Judges Gabrielli, Wachtler, Fuchsberg and Meyer concur with Judge Jones; Judge Jasen dissents and votes to affirm in a separate opinion.
Order reversed, etc.