OPINION OF THE COURT
Edward U. Green, Jr., J.
This case squarely presents the issue of whether the decision of the Appellate Term, Ninth and Tenth Judicial Districts, in People v De Rosa (84 Misc 2d 316, affd on other grounds 42 NY2d 872) remains the controlling authority in this court or whether it has been effectively overruled by subsequent pronouncements of the Court of Appeals.
The relevant facts of this case are simple. The defendant is charged with a violation of subdivision 1 of section 240.25 of the Penal Law (harassment). On October 29, 1980 he was arraigned with counsel present. On that occasion the court scheduled trial for December 5, 1980. Neither defense counsel nor the defendant voiced any objection to that trial date. On December 5, 1980 the defendant appeared, ready for trial. The People were not ready on that date and requested an adjournment to December 18, 1980. This motion followed a subsequent adjournment.
The defendant moves to dismiss pursuant to CPL 170.30 (subd 1, par [e]) on the ground that the People were not ready for trial within 30 days of the date of commencement of the action as is required for violations such as harassment pursuant to CPL 30.30 (subd 1, par [d]).
*60 In opposing the motion the People cite two cases. The first is People v De Rosa, mentioned above. Second is People v Conrad (93 Misc 2d 655, affd on opn below 44 NY2d 863).
In De Rosa (supra), the date of arraignment was July 3, 1974.[1] The applicable speedy trial period was 60 days (CPL 30.30, subd 1, par [c]). When neither the defendant nor his attorney objected to the trial date set for September 3,1974 they failed to object to a trial date set more than 60 days from the date of arraignment. The Appellate Term deemed their silence consent to the trial date and treated this as an excludable period pursuant to CPL 30.30 (subd 4, par [b]). In so doing the De Rosa majority may have relied upon the premise that the defendant had a statutory basis for an objection at the time the trial date was set.
While the present factual setting parallels that of De Rosa (supra), good reason now exists to question whether that case was correctly decided and whether it may still be considered controlling authority.
First, in People v Hamilton (46 NY2d 932, 933-934) the Court of Appeals stated that “it bears emphasis that the right to a speedy trial guaranteed by CPL 30.30, which relates to prosecutorial readiness, is not dependent in any way on whether the defendant has expressed his readiness”. In addition, the court indicated that to establish readiness for trial the People must, on the record, communicate that they are ready. (46 NY2d, at p 933.) Subsequently, in People v Brothers (50 NY2d 413) the court expounded further on this subject. It emphasized that the time limits referred to in CPL 30.30 were periods within which the People were obligated to be ready for trial — not periods within which the defendant had to be tried. That is, the People must be ready for trial within the prescribed statutory period and must communicate such readiness on the record before the period expires. If the People do not, in this manner, establish that they were ready for trial within includable statutory time the defendant’s right to a dismissal ripens under CPL 30.30. However, if within the applicable period the People do express their readiness to *61 proceed, further delay for reasons not attributable to them does not entitle the defendant to a dismissal pursuant to CPL 30.30. Thus, the key to CPL 30.30 is the People’s readiness to proceed to trial and not whether the defendant is actually afforded a trial within a set number of days.
Viewing CPL 30.30 in the light of Hamilton (supra) and Brothers (supra) compels the conclusion that De Rosa (supra) can no longer be deemed as controlling authority because it seems to be based on an interpretation of CPL 30.30 which is inconsistent with that of the Court of Appeals. First, the De Rosa rule would require the defendant to affirmatively state his readiness to proceed for trial. This suggestion was rejected by the Court of Appeals in People v Hamilton (supra). And, just as important, the De Rosa court may have been relying upon a belief that the defendant had grounds for objection to the trial date pursuant to CPL 30.30 based solely on the number of days between the arraignment and the date set for trial. However, as the court stated in Brothers, if the People express their readiness within the speedy trial period the defendant does not have any right to dismissal pursuant to CPL 30.30 simply because circumstances for which the People are not responsible prevent a trial within the period within which the People must be ready.[2] The net effect of these cases is to put an affirmative obligation on the People to state their readiness for trial while permitting the defendant to stand silent and await the People’s action.
Accordingly, in the current case the rules established by the Court of Appeals in its interpretation of CPL 30.30 preclude the court from finding that the defendant has in any way consented to a delay in trial within the meaning of CPL 30.30 (subd 4, par [b]). Nothing in the papers submitted nor in the court file indicates that the People have at any time indicated their readiness to proceed to trial. Since *62 the defendant’s right to CPL 30.30 dismissal has ripened the motion to dismiss the information must be granted.
The motion to dismiss is granted.

. This date is recorded in 42 NY2d 872. The reference to July 16,1974 in 84 Misc 2d 316 as the date of arraignment is incorrect.

. People v Conrad (44 NY2d 863, affg 93 Misc 2d 655, on opn of lower ct, supra) seems to lend additional support for this statement. In that case the court stated that the trial court’s negligent failure to set the trial within the CPL 30.30 period could not be attributed to the People. Thus, contrary to the People’s assertion, Conrad does not stand as authority for denying the defendant’s motion; it does not discuss the People’s obligation to establish their readiness.