was properly denied. The general rule is that a jury may not impeach its own verdict (*Alford v Sventek,* 53 NY2d 743, 744; see, also, Richardson, Evidence [Prince, 10th ed], § 407). Professor Siegel has noted that "[t]he primary intent of this rule is to keep sancrosanct the processes and deliberations of the jury and insulate the verdict from later revelations of what went on in the jury room" (Siegel, NY Prac, § 401, p 526). Although there are singular exceptions to the rule (see, e.g., *People v Huntley,* 87 AD2d 488), none is applicable here. Since the verdict apportioned liability among the defendants, there should be a new trial against all defendants in the interests of justice and fairness. Even if that were not the case, it was error for the court to deny defendants' McColgin's and Stephens' motion to amend their answer to assert the affirmative defense of assumption of risk. In the absence of a showing of prejudice or surprise resulting from delay, neither of which was established here, it is an abuse of discretion to deny leave to amend the pleadings even though such motion is made on the eve of trial (see *Fahey v County of Ontario,* 44 NY2d 934, 935; *Stornelli v Aakron Rule Corp.,* 89 AD2d 1060). (Appeals from judgment of Supreme Court, Onondaga County, McLaughlin, J. — negligence.) Present — Dillon, P. J., Hancock, Jr., Callahan, Denman and Green, JJ.

■ DENNIS H. LUNDGREN, Appellant, v ROBERT T. McCOLGIN et al., Respondents. DENNIS H. LUNDGREN, Respondent-Appellant, v PIPER AIRCRAFT CORPORATION, Appellant-Respondent. (Appeal No. 2.) — Appeal dismissed as moot. Same memorandum as in *Lundgren v McColgin* (Appeal No. 1) (96 AD2d 706). (Appeals from order of Supreme Court, Onondaga County, McLaughlin, J. — set aside verdict.) Present — Dillon, P. J., Hancock, Jr., Callahan, Denman and Green, JJ.

■ DENNIS H. LUNDGREN, Respondent, v ROBERT T. McCOLGIN et al., Appellants. DENNIS H. LUNDGREN, Respondent, v PIPER AIRCRAFT CORPORATION, Appellant. (Appeal No. 3.) — Order unanimously affirmed, without costs. Same memorandum as in *Lundgren v McColgin* (Appeal No. 1) (96 AD2d 706). (Appeals from order of Supreme Court, Onondaga County, McLaughlin, J. — interrogate jurors.) Present — Dillon, P. J., Hancock, Jr., Callahan, Denman and Green, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CURTIS A. BRADLEY, Appellant. — Judgment affirmed. Memorandum: Defendant's motion to dismiss pursuant to CPL 30.30 was properly denied. The People communicated their readiness for trial when the case was placed on the Trial Calendar by the court without objection by the District Attorney (see *People v Burney,* 90 AD2d 959, application for lv to app den 58 NY2d 827, and cases cited therein). Concur — Dillon, P. J., Doerr, Boomer and Schnepp, JJ.

Denman, J., dissents and votes to reverse and dismiss indictment, in the following memorandum: I cannot agree with the majority that the failure of the District Attorney to object when the case was placed on the Trial Calendar is the equivalent of a statement of readiness by the People. In my view the rule of *People v Brothers* (50 NY2d 413) and *People v Hamilton* (46 NY2d 932) requires the People to make an affirmative showing on the record that they are ready to proceed to trial within the statutory period. (See *People v Giordano,* 56 NY2d 524, 525; see, also, *People v Santiago,* 96 AD2d 720.) (Appeal from judgment of Monroe County Court, Bergin, J. — sodomy, first degree.) Present — Dillon, P. J., Doerr, Denman, Boomer and Schnepp, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HURLEY ROBINSON, Appellant. — Judgment unanimously affirmed. Memorandum: The proof at the posttrial hearing established that the police officers who interrogated defendant after his arrest had no actual knowledge of any pending charges