■ The People of the State of New York, Respondent, v Manuel Santiago, Appellant. — Judgments unanimously reversed, on the law, motion granted and indictment dismissed. Memorandum: Defendant's motion to dismiss pursuant to CPL 30.30 should have been granted because the People did not demonstrate their readiness for trial within the statutory period (see *People v Brothers,* 50 NY2d 413, 416; *People v Hamilton,* 46 NY2d 932, 933). Defendant was indicted on September 15, 1977. He was arrested on September 20 and remained in custody until November 22, 1977. The record indicates that nothing else occurred until August 26, 1978 when defense counsel filed notice of motion for dismissal pursuant to CPL 30.30. During argument on the motion, defense counsel stated that the case had been placed on the Trial Calendar on August 29, three days after he had filed his motion, and that statement was not disputed. The District Attorney replied that it was a question of semantics and that the case had appeared on a chronological list of cases and had moved up the list in orderly progression. In his memorandum decision denying the motion, the Trial Judge took judicial notice of the practice in Monroe County Court whereby the clerk places a case at the foot of a Trial Calendar upon expiration of the 45-day pretrial motion period. The cases then move up in chronological order. It thus appears that neither the court nor counsel takes any affirmative steps to place the case on the calendar. Rather, it is a ministerial act performed by a clerk of the court. In order to avoid dismissal of an indictment pursuant to CPL 30.30, the People must make an affirmative showing on the record that they are ready for trial within the statutory period (see *People v Hamilton,* 46 NY2d 932, 933, *supra*). In *People v Brothers* (50 NY2d 413, 416, *supra*), the court held that the placing of a case on a "ready reserve" Trial Calendar did not comply with that requirement as there was "no record proof of any contemporaneous communication of [the District Attorney's] readiness within the standard enunciated in *People v Hamilton*". The procedure utilized in Monroe County Court in this case involved the mere placement of a case on a calendar by the clerk of the court without either the knowledge or acquiescence of the court or counsel. To hold that such practice is tantamount to a statement of readiness by the People would negate the rule of *Hamilton* and *Brothers.* (Appeal from judgments of

Monroe County Court, Bergin, J. — criminal sale of controlled substance, second degree.) Present — Hancock, Jr., J. P., Callahan, Denman, Moule and Schnepp, JJ.