OPINION OF THE COURT
Memorandum.
Judgment adjudicating defendant a youthful offender unanimously reversed, on the law, and accusatory instrument dismissed.
CPL 30.30 (subd 1, par [b]) requires the dismissal of an accusatory instrument when the People are not ready for trial within 90 days of the commencement of the criminal action. A misdemeanor information was filed against defendant on May 20, 1981. Thereafter, a period of 253 days elapsed until defendant’s motion to dismiss on January 27, 1982. The period from May 22, 1981 to October 5, 1981 is excludable as it resulted from an adjournment for defendant’s pretrial motion and included the time during which the motion was made, responded to and decided (CPL 30.30, subd 4, par [a]; People v Torres, 60 NY2d 119, 127; People v Thompson, 111 Misc 2d 521, affd 120 Misc 2d 444).
*1095 By letter dated November 10, 1981, the clerk of the Justice Court notified the parties that a pretrial conference was set for January 29, 1982 and trial for February 26, 1982. The People rely on their lack of objection to this notice as an effective communication of readiness. In order to establish readiness for trial, the People must, on the record, communicate such readiness to the court (People v Brothers, 50 NY2d 413; People v Hamilton, 46 NY2d 932). Mere acquiescence by the People to a trial date set by the court is not sufficient. The People’s reliance upon the Fourth Department case of People v Bradley (96 AD2d 707) is misplaced, because the calendar rules of the trial court therein provided that once a case was placed on the Trial Calendar the People must be ready to proceed as directed by the court. There is no indication that the informal calendar practices of the Justice Court should be accorded the same import. Therefore, while we are cognizant of practical problems inherent in the structure of Justice Courts, the burden nevertheless remains upon the People to put a statement of readiness on the record, which must appear either in the minutes or in the Justice’s return, where appropriate.
It must be concluded that the People failed to make an effective statement of readiness within the time prescribed by CPL 30.30, thereby mandating dismissal of the accusatory instrument.
Farley, P. J., Slifkin and Widlitz, JJ., concur.