People v Bartlotta (2024 NY Slip Op 50109(U))

[*1]

People v Bartlotta

2024 NY Slip Op 50109(U)

Decided on February 2, 2024

Justice Court Of The Town Of Webster, Monroe County

DiSalvo, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on February 2, 2024
Justice Court of the Town of Webster, Monroe County

The People of the State of New York

against
Peter G. Bartlotta, Defendant.

Case No. 23060136

Sandra Doorley, District Attorney, Monroe County (Elizabeth D. Buckley and Kirby W. Leggett [awaiting admission] of Counsel), for plaintiff.
P. Adam Militello, Rochester, for defendant.

Thomas J. DiSalvo, J.

History and Facts of the Case
The defendant was charged with common law driving while intoxicated, VTL § 1192 (3), per se driving while intoxicated, VTL § 1192 (2), disobeying a traffic control device, VTL § 1110 (a) and failure to yield right of way to pedestrian in a crosswalk, VTL § 1151 (a) on June 12, 2023 at 3:39 P.M. on Ridge Road in the Town of Webster. The defendant was served with simplified traffic informations returnable on July 5, 2023 for arraignment. At that time he appeared for arraignment with his attorney, whereupon the court suspended the defendant's license pending prosecution pursuant to VTL § 1193 (2) (e) (7 ) (a).[FN1]
The court did determine that it was in possession of certified copy of a chemical test of the defendant's breath showing the subject sample to be a .12 of one percent.[FN2]
As a result of a hardship application made by [*2]defense counsel, the defendant was granted a hardship privilege pursuant to VTL § 1193 (2) (e) (7) (e).The matter was then adjourned by the court for disposition to August 30, 2023, as defense counsel made no request of the court at that time. On August 30, 2023 defense counsel and the defendant appeared as required. At that time the court enquired as to the status of the case. The discussion in pertinent part went as follows:
"MR. MILITELLO: I sent over an equities letter but I am asking for an extension of time to file motions. So that once I do that other thing, I can file motions not blind.
THE COURT: Adjourned for motions. How is October 4th? (Inaudible) September.
MR. MILITELLO: Noon, Judge?
THE COURT: Sure.
MR. MILITELLO: And 4-23, noon.
THE COURT: All right. October 4th at noon. 
MR. MILITELLO: Yes, Sir. All right, Judge. Thank you so much. Have a good afternoon. 
THE COURT:Motion Argument."[FN3]

On October 4, 2023 the matter was again adjourned for omnibus motions until November 1, 2023. On October 5, 2023 the court was in receipt of defendant's motion papers requesting that the charges herein be dismissed on speedy trial grounds pursuant to CPL § 30.30 (1) (b), which states
" Except as otherwise provided in subdivision three of this section, a motion made pursuant to paragraph (e) of subdivision one of section 170.30 or paragraph (g) of subdivision one of section 210.20 of this chapter must be granted where the people are not ready for trial within: ninety days of the commencement of a criminal action wherein a defendant is accused of one or more offenses, at least one of which is a misdemeanor punishable by a sentence of imprisonment of more than three months and none of which is a felony.". The response of the People was received on November 3, 2023. At the November 1, 2023 court appearance the case was adjourned for the court's decision on the said speedy trial motions. The defendant's motion argues that between the date of arraignment on July 5, 2023 and October 5, 2023, the date of the speedy trial motions, a total of 92 days had gone by without the People having filed a Certificate of Compliance, pursuant to CPL § 245.50 (1), or a Certificate of\Readiness for Trial.[FN4]

The People's response sets out correctly that the time between the arraignment on July 5, 2023 and next court date of August 30, 2023, which amounted to 57 days is chargeable to the People.The assistant district attorney argues that the 35 days between the August 30, 2023 [*3]court appearance and the October 4, 2023 is chargeable to the defense. He contends that the "Defense requested an adjournment for motions, thus tolling the speedy trial time." It is that period of time that is the subject of the defendant's motion. In a letter brief, dated January 16, 2024 defense counsel argues that "... the Defense did not ask for an adjournment - I specifically asked for an enlargement of time to file motions".[FN5]
Said request was apparently made so as to not run afoul of CPL 255.20 (1), which generally requires that pre-trial motions be made within 45 days of arraignment or at a longer time as set by the court. The basis of that request was that the discovery process had not been completed as of August 30, 2023. 
Issue Presented. 
Did defense counsel's request for additional time to file motions amount to a request for an adjournment?
Legal Analysis.
Again, one must refer to the exact language of defense counsel and the court on the day in question, i.e. August 30, 2023. As set out above the transcript sets out the following interchange between the court and defense counsel: 
"MR. MILITELLO: I sent over an equities letter but I am asking for an extension of time to file motions. So that once I do that other thing, I can file motions not blind.
THE COURT: Adjourned for motions. How is October 4th? (Inaudible) September.
MR. MILITELLO: Noon, Judge?
THE COURT: Sure."[FN6]

The language of defense counsel is clear. He made no request for an adjournment of the case to file omnibus motions. His request was for an extension of the 45 day window set out in CPL § 255.20 (1), because he had not received all the discovery at that point, which when received could affect the type of motions he would make. The matter was then adjourned by the court to October 4, 2023. Certainly there was no objection by defense counsel to that adjournment. However, it has been held by the Court of Appeals that "Adjournments consented to by the defense must be clearly expressed to relieve the People of the responsibility for that portion of the delay. Defense counsel's failure to object to the adjournment or failure to appear does not constitute consent ..." (People v. Smith, 82 NY2d 676,678, 601, 601 N.Y.S.2d 466 [1993]) In a prior decision the Court of Appeals held that 
"The People's contention that a defendant consents to an adjournment either by failing to object to the adjournment, or by defense counsel's failure to appear is meritless. The right [*4]to a speedy trial 'is not dependent in any way on whether the defendant has expressed his readiness for trial' (People v. Hamilton, 46 NY2d 932, 933—934, 415 N.Y.S.2d 208, 388 N.E.2d 345). Thus, consent to an adjournment must be clearly expressed by the defendant or defense counsel to relieve the People of the responsibility for that portion of the delay." (People v. Liotta, 79 N.Y2d 841,843, 580 N.Y.S.2d 184,185 [1992]) Thus, since the defense did not specifically agree to the adjournment from August 30, 2023 through October 4, 2023, a total of 35 days, that time must be charged to the People. Again, the time between the arraignment on July 5, 2023 and the next court date of August 30, 2023, amounting to 57 days, is chargeable to the People, since the defense counsel made no request to the court at the arraignment relative to any future proceedings. Therefore a total of 92 days that must be chargeable to the People went by without the People filing a Certificate of Readiness for Trial as required by CPL § 30.30 (1) (b).
Conclusion.
The request of defense counsel for additional time to file omnibus motions did not amount to a request for an adjournment. Thus the entire time of 92 days from the date of arraignment on July 5, 2023 through October 4, 2023 must be charged to the People.As a result, the motion to dismiss the charges of common law driving while intoxicated, VTL § 1192 (3), per se driving while intoxicated, VTL § 1192 (2) , disobeying a traffic control device, VTL § 1110 (a) and failure to yield right of way to pedestrian in a crosswalk, VTL § 1151 is hereby granted pursuant to CPL §§ 30.30 (1) (b) and 170.30 (1) (e). This constitutes the decision and order of this court.
Dated: February 2, 2024
Webster, New York
Hon. Thomas J. DiSalvo
Webster Town Justice

Footnotes

Footnote 1:(That subsection states "Except as provided in clause a-1 of this subparagraph, a court shall suspend a driver's license, pending prosecution, of any person charged with a violation of subdivision two, two-a, three or four-a of section eleven hundred ninety-two of this article who, at the time of arrest, is alleged to have had .08 of one percent or more by weight of alcohol in such driver's blood as shown by chemical analysis of blood, breath, urine or saliva, made pursuant to subdivision two or three of section eleven hundred ninety-four of this article.")

Footnote 2:(The court may not order suspension of the license unless it has in its possession the results of the chemical test, and, as the Commissioner concedes, these results must be presented to the court in certified, documented form (see, CPLR 4518 [c]). If the Judge affirms the sufficiency of the accusatory instrument and finds reasonable cause to believe the driver operated a motor vehicle with the proscribed blood alcohol level as evidenced by the documented results of a reliable chemical test, a prima facie showing for license suspension has been established. Pringle v. Wolfe, 88 NY2d 426,,433, 646 N.Y.S.2d 82 [1996])

Footnote 3:(Transcript at 2-3.)

Footnote 4:(See CPL § 245.50 [3])

Footnote 5:(Defense counsel was referring the filing of omnibus motions.)

Footnote 6:(Transcript 2-3)