People v Holly (2025 NY Slip Op 50448(U))

[*1]

People v Holly

2025 NY Slip Op 50448(U)

Decided on April 7, 2025

Criminal Court Of The City Of New York, New York County

Brown, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on April 7, 2025
Criminal Court of the City of New York, New York County

The People of the State of New York,

against
Quashawn Holly, Defendant.

Docket No. CR-029700-24NY

Defense Attorney Morgan Reed, The Legal Aid Society
Assistant District Attorney Rachel Goldstein, New York County District Attorney's Office

Marva C. Brown, J.

Quashawn Holly, hereinafter "defendant," is charged with Assault in the Third Degree (PL § 120.00[1]), a class A misdemeanor, and various related charges. By Notice of Motion to Dismiss, dated March 13, 2025, the defense challenges the validity of the People's Certificate of Compliance (COC) and seeks dismissal pursuant to CPL § 30.30. By motion dated March 28, 2025, the People oppose. 
Upon review of the submissions, the Court file and relevant legal authority, this court finds that the People's COC and supplemental COC (SCOC) are INVALID, and thus, the People's accompanying Certificates of Readiness (CORs) are ILLUSORY. As there are more than 90 days chargeable to the People, the defendant's motion to dismiss is hereby GRANTED. PROCEDURAL HISTORY
This case was filed, and the defendant was arraigned on November 12, 2024. The defendant was released on his own recognizance, and the case was adjourned to December 17, 2024. 
On December 17, 2024, the People did not have a supporting deposition, and the case was adjourned to February 13, 2025, for a supporting deposition. On January 23, 2025, off-calendar, the People served and filed a superseding information, along with a supporting deposition, a COC, Certificate of Readiness (COR), an Automatic Discovery Form (ADF), and an Affidavit of Service. On January 24, 2025, the People served and filed SCOC for a Parks Department Response letter, which they indicate did not exist at the time of their initial COC, along with a restatement of readiness and an updated discovery list. 
At the court date on February 13, 2025, the accusatory instrument was deemed an information, and the People stated that they were ready for trial. The defense indicated that certain items of discovery were missing, and the instant motion schedule was set. The case was adjourned to April 7, 2025, for a decision.
On February 14, 2025, off-calendar, the defense emailed the People several items they believed were missing from discovery. On February 18, 2024, the prosecution replied via email indicating that they had inadvertently forgotten to disclose witness contact information, body-worn camera (BWC) footage, BWC metadata, and evidence audit logs. That same day, the People disclosed those missing items and served and filed a SCOC and restatement of readiness for those items. 
On February 21, 2025, off-calendar, the People emailed the defense with their position on the remaining materials the defense alleged were missing. The People indicated that the remaining "missing" items either didn't exist or weren't discoverable, with the exception of Officer Ullah's memobook, which they indicated was lost.
VALIDITY OF THE PEOPLE'S CERTIFICATE OF COMPLIANCE
Under CPL 245.20[1], "the prosecution shall disclose to the defendant, and permit the defendant to discover, inspect, copy, photograph and test, all items and information that relate to the subject matter of the case and are in the possession, custody or control of the prosecution or persons under the prosecution's direction or control, including but not limited to" the items listed in CPL 245.20[1][a]-[u]. The prosecution must also "make a diligent, good faith effort to ascertain the existence of material or information discoverable under [CPL 245.20(1)] and to cause such material or information to be made available for discovery where it exists but is not within the prosecutor's possession, custody, or control" (CPL 245.20[2]). "Read together, CPL 245.50 and CPL 30.30 require that due diligence must be conducted prior to filing a COC" (People v Bay, 41 NY3d 200, 212 [2023]).
The defense must "notify or alert" the prosecution "as soon as practicable" of any defects or deficiencies relating to a COC, and any challenges relating to the sufficiency of a COC or supplemental COC shall be addressed by motion (CPL 245.50[4]). Although belated disclosures do not automatically invalidate a COC, in such instances, the People bear the burden of establishing that they exercised "due diligence and made reasonable inquiries prior to filing the initial COC despite a belated or missing disclosure" (Bay, 41 NY3d at 213, citing People v Santos, 68 NY2d 859, 861 [1986]). The Court of Appeals in Bay discussed how courts can evaluate prosecutorial due diligence and reasonableness as it pertains to discovery compliance:
Although the relevant factors for assessing due diligence may vary from case to case, courts should generally consider, among other things, the efforts made by the prosecution and the prosecutor's office to comply with the statutory requirements, the volume of discovery provided and outstanding, the complexity of the case, how obvious any missing material would likely have been to a prosecutor exercising due diligence, the explanation for any discovery lapse, and the People's response when apprised of any missing discovery (id.).
If the prosecution fails to demonstrate that they exercised due diligence prior to filing their COC, "the COC should be deemed improper, the readiness statement stricken as illusory, and — so long as the time chargeable to the People exceeds the applicable CPL 30.30 period — the case dismissed" (Bay, 41 NY3d at 213). "[A] defendant need not demonstrate prejudice to obtain speedy trial dismissal based on failure to timely comply with discovery obligations" (id., citing People v Hamilton, 46 NY2d 932, 933-34 [1979] and CPL 30.30[1]). 
A. BWC Footage, Metadata, Evidence Audit Logs, and Witness Contact Information
The People do not contest that the BWC footage, BWC metadata, and evidence audit logs are automatically discoverable, however, they claim that they inadvertently failed to upload these items for disclosure prior to filing their COC (P's Opp. at p. 5). Similarly, the People concede that [*2]witness contact information is automatically discoverable, however, they claim, "[t]he prosecutor, as a result of inexperience, failed to set up the Witcom platform for providing witness contact information" (id.).
In applying the factors in Bay to evaluate the People's diligence and reasonableness as it pertains to discovery compliance for this case, it's important to note that the People here made seemingly no efforts to comply with the required statutory timeframes outlined in Article 245. CPL 245.10(1)(a)(ii) requires the People to perform its initial discovery obligations on a case where the defendant is released within thirty-five calendar days after the defendant's arraignment on a misdemeanor complaint.[FN1]
Here, the People failed to articulate any facts as to when they first began their discovery process or disclosed any materials to the defense. While the facts around the People's initial disclosure efforts remain unclear, what is clear is that the People failed to perform their initial discovery obligations until 73 days from the defendant's arraignment, beyond the disclosure timeframes outlined in Article 245. This fact alone suggests a lack of due diligence. 
These missing items were not trivial pieces of discovery. BWC footage and witness contact information are among the most important pieces of evidence in a criminal case. BWC footage often documents portions of the charged crime, the defendant's apprehension and arrest, along with statements of both the defendant and the Peoples' witnesses. These pieces of evidence are necessary to determine the strength of the People's case, and they also often serve as the basis for a meaningful defense investigation. Without these items, the defense cannot properly advise defendants of potential defenses, their chances at trial, or the reasonableness of any potential plea deals. Simply put, these items are necessary for a defense attorney to effectively represent their clients in criminal matters. Given the importance of these items, the People should have done more to ensure that these key items were properly disclosed to the defense prior to filing their COC (see People v Buenaventura, 82 Misc 3d 1135, 1141 [Crim Ct, Kings County 2024] ["Due diligence requires that [the People] ensure that their discovery folder actually contain what the materials their inventory of discovery purports they have disclosed"]).
The fact that these non-disclosures were inadvertent and not done maliciously does not render the People's COC and COR valid (Bay, 41 NY3d at 211 [Court of Appeals rejected the People's argument that "their failure to relay the belated discovery items before filing the COC was inadvertent, that the provision of supplemental discovery does not invalidate a prior COC, and that dismissal should be a 'last resort' imposed only when no other measure can cure any prejudice caused by belated disclosure"], see also People v Kitching, Ind. No. 76444-23 [Sup Ct, Kings County 2024] [COC invalidated where the People's failure to provide discoverable material was due to "inadvertent error or omission"]; People v He, Ind. No. 71640-24 [Sup Ct, Kings County 2024] [same]; People v Buenaventura, 82 Misc 3d 1135, 1140-41 [Crim Ct, Kings County 2024] ["While the court does not question their good faith belief that the materials were properly disclosed, it cannot find that the People acted diligently when it is clear that they failed to thoroughly review the OneDrive folder prior to sending it to defense counsel and prior to filing their certificate of compliance."]).
Therefore, here, the People failed to exercise due diligence in properly disclosing the BWC [*3]footage, metadata, evidence audit logs and witness contact information, rendering their initial COC and January 24th SCOC invalid. 
B. BWC Audit Trails
The People failed to articulate any attempts to disclose the BWC audit trails for this case and concede that they remain outstanding. However, the People claim that BWC audit trails are not automatically discoverable. This court disagrees for the reasoning outlined in People v Ballard, 82 Misc 3d 403 [Crim Ct, Queens County 2023], and finds that BWC audit trails are automatically discoverable under CPL 245.20[1][e] as written statements by police, CPL 245.20[1][k][iv] as potential impeachment, and CPL 245.20[1][u][i][B] as electronic information created and obtained on behalf of law enforcement. 
In Ballard, the court conducted an evidentiary hearing to determine whether audit trails should be automatically discoverable under the new discovery statute. The hearing consisted of the testimony of the director of the NYPD BWC Unit's Legal Bureau, who was able to explain audit trails in detail, including what they contain as well as how they are stored within the NYPD. Testimony confirmed that NYPD has been mandated by the Federal Monitor to include investigative encounter category levels into their BWC footage to assist them in analyzing police-stops, along with the race and gender of individuals stopped for Legal 2 encounters (id. at 409). Notably, in Ballard, one officer made digital notes about the video of the defendant's arrest indicating the level of police intrusion, which was later changed by a sergeant (id. at 411). There was also testimony about a case where a district attorney's office requested a device audit trail to refute the defendant's claim that an officer intentionally deactivated his BWC during a car search. The audit trail confirmed that the officer's camera deactivated due to a dead battery, not because of actions of the officer (id.). These examples highlight that audit trails can, and sometimes are, used in litigation to prove or disprove facts in dispute. The Ballard court concluded, as does this court, that audit trails are discoverable under CPL 245.20[1][e] as written statements by police, CPL 245.20[1][k][iv] as potential impeachment, and CPL 245.20[1][u][i][B] as electronic information created and obtained on behalf of law enforcement (id. at 411-415). The court further concluded that there is a mandatory presumption in favor of disclosure when interpreting what should be considered relevant to the subject matter of the case (id. at 415 ["[a] defendant is in no position to argue the relevance of something they do not know exists or do not have access to review"], citing CPL 245.20[2], CPL 245.20[7] and National Communications Assn v AT&T Corp, 238 F3d 124, 130 [2d Cir 2001] ["the burden is better placed on the party with easier access to relevant information"]). 
Furthermore, since Ballard, "[t]he majority of courts that have addressed this issue agree with Defendant that C.P.L. § 245.20 dictates that BWC audit logs be produced by the People as part of their automatic discovery responsibility" (People v Bresnan, 85 Misc 3d 280, 284-85 [Just Ct, Monroe County 2024], citing People v Robert K, 83 Misc 3d 1229[A] [Crim Ct, New York County 2024]; People v Champion, 81 Misc 3d 292, 298 [Crim Ct, New York County 2023]; People v Rollerson, 82 Misc 3d 1212[A] [Crim Ct, Bronx County 2024]; People v Duran, 83 Misc 3d 1007 [Crim Ct, Bronx County 2024]; People v Gourdine, 83 Misc 3d 1264[A] [Sup Ct, Kings County 2024]; People v Shar, 82 Misc 3d 1251[A][Crim Ct, Richmond County 2024]; People v Cumbe, 82 Misc 3d 1242[A] [Crim Ct, Kings County 2024]; People v Budhu, 83 Misc 3d 1273[A] [Crim Ct, Queens County 2024]; People v Torres, 79 Misc 3d 1204[A] [Crim Ct, Queens County 2023]; Ballard, 82 Misc 3d at 405; People v JMW, 83 Misc 3d 1289[A] [Sup Ct, Kings County 2024]; see also People v Scott, Docket No CR-026941-23NY [Crim Ct, NY County Sept 16, 2024]; People v Kirby, Docket No. CR-031295-24NY [Crim Ct, NY County June 27, 2024]; People v Dia, Docket No. CR-036109-23NY [Crim Ct, NY County June 26, 2024]; People v Harster, Docket No. CR-031305-23NY [Crim Ct, NY County 2024]; People v Hanna, Docket [*4]No CR-025972-23NY [Crim Ct, NY County 2024]; People v McQueen Winter, Indictment No. 70517-2024 [Sup Ct, Kings County Sept 11, 2024]; People v He, Indictment No. 71640-24 [Sup Ct, Kings County Sept 3, 2024]; People v Hall, Ind. No. 75024-23 [Sup Ct, Kings County 2024]; People v James, 82 Misc 3d 1248[A] [Crim Ct, Kings County 2024]). 
Here, the People's failure to articulate any attempts to disclose the audit trails despite overwhelming caselaw that these documents are automatically discoverable. This evinces a lack of due diligence and renders their COC and SCOCs invalid and the accompanying statements of readiness illusory.
The defendant's remaining arguments are moot. 
SPEEDY TRIAL
Pursuant to CPL 30.30[1][b], when a defendant is charged with a misdemeanor punishable by a sentence of more than three months, the prosecution must be ready within 90 days from the commencement of that criminal action. To satisfy the initial burden under CPL 30.30, the defendant need allege "only that the prosecution failed to declare readiness within the statutorily prescribed time period" (People v Luperon, 85 NY2d 71, 77-78 (1995); see also People v Goode, 87 NY2d 1045, 1047 [1996]). Once the defendant has alleged that more than the statutorily prescribed time period has elapsed since the commencement of the action, the prosecution bears the burden of establishing sufficient excludable delay (see People v Berkowitz, 50 NY2d 333, 349 [1980]). Absent a valid COC, the People cannot be deemed ready for trial (CPL 245.50[3]).
This case was filed, and the defendant was arraigned on November 12, 2024. The defendant was released on his own recognizance, and the case was adjourned to December 17, 2024. The People did not file a COC or COR during this time period, and as such, this time is chargeable. (35 days charged)
On December 17, 2024, the People did not have a supporting deposition, and the case was adjourned to February 13, 2025, for a supporting deposition. On January 23 and January 24, 2025, the People served and filed a COC and COR. However, as outlined above, this COC was invalid for the People's failure to disclose automatically discoverable material and was ineffective in stopping the speedy trial clock. As such, this entire adjournment is chargeable to the People. (58 days charged; 93 days total)
As more than 90 chargeable days have accrued, defense counsel's motion to dismiss is GRANTED, and this case DISMISSED. The defendant's remaining arguments are moot. This constitutes the Decision and Order of this Court.
Dated: April 7, 2025
HON. MARVA C. BROWN, JCC

Footnotes

Footnote 1:When the discoverable materials are "exceptionally voluminous or, despite diligent, good faith efforts, are otherwise not in the actual possession of the prosecution" this time period "may be stayed by up to an additional thirty calendar days" without permission from the court (CPL 245.50[1][a]).